**FILED**

**Cc: Transunion, Equifax, Experian**

IN THE UNITED STATES DISTRICT COURT

AUG 3 1 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Hamilton Brown, Plaintiff

v.

Honorable Robert Lutti, 814 City County Building
Pittsburgh, PA 15219;
Department of Court Records, Allegheny County;
Jeremy Kobeski; Phelan, Hallinan Diamond
& Jones; Pennymac Mortgage Investment
Trust; Michael Trainor; Blank Rome LLP;
Allegheny County Court of Common Pleas,
Disciplinary Board of the State of Pennsylvania
Supreme Court,

Case: 1:15-cv-01424
Assigned To : Unassigned
Assign. Date : 8/31/2015
Description: Pro Se Gen. Civil

**JURY TRIAL DEMANDED**

Defendant's.

## COMPLAINT

Plaintiff Hamilton Brown files the foregoing Complaint and represents as follows;
1. Plaintiff and their representative ("Plaintiff") won a case in the PA Superior Court against Citifinancial which was the assignee for Pennymac on the same set of facts that Pennymac brought again in a subsequent action.
2. Plaintiff repeatedly told Defendant's this yet defendant's in a intentional, willful and discriminatory manner continued to persist with litigation against Plaintiff because of his status as an American Indian.
3. A few months ago Pennymac received and processed two payments from Plaintiff in the approximate amounts totaling $1500.00. When Defendant's accepted these payments the Complaint in the subsequent action Pennymac v. Smith became invalid yet for reasons of discriminatory intent because of plaintiff's status as an American Indian Kobeski and the other defendants continued to persist with their bogus litigation. Lutti entered a Judgment against Plaintiff in the foreclosure case on documents by Pennymac that were NOT EVEN FILED with the Department of Court Records. Lutti entered judgment when their was a motion for reconsideration still pending and Lutti knowingly and intentionally entered Judgment even when he knew or had reason to know that the underlying action had already been reversed on the same set of facts in the PA Superior Court from the previous assignee. See. Citifinancial v. Freddie Banks,
4. Plaintiff entered into a modification agreement with the Defendant's who stated that it would stall any litigation in the matter yet for an intentional and discriminatory reason because of plaintiff's status as an American Indian Kobeski continued the litigation by filing a Motion for Entry of Judgment against Frederick Banks

RECEIVED
Mail Room

AUG 1 0 2015

AUG 1 0 2015

Angela D. Caesar, Clerk of
U.S District Court, District of C

5. Plaintiff has learned that Defendant's and their allies contracted a black bag firm to harass the Plaintiff while the litigation was going on. As a result of this continued harassment Plaintiff was literally stalked and electronically harassed.
6. Pennymac gave Plaintiff a "single point of contact" who was a woman at Pennymac concerning this matter yet Kobeski continued to harass the Plaintiff and continue this bogus litigation.
7. Plaintiff noticed that he received the Motion for entry of Judgment from Kobeski right after he filed a Complaint against the Allegheny County Department of Court records for a separate matter of discrimination. Plaintiff believes that Defendant's and the Department of Court Records conspired together to harass the Plaintiff. Plaintiff is an American Indian. On top of that the Department of Court Records and Kobeski conspired to put on the record illegible scans of Plaintiff's Mortgage documents and evidence so that it would be ignored by the Court and unuseful in any Appeal of the matter to the Superior Court. Kobeski and the other defendant's intentionally, willfully and purposely delayed Defendant because of his class based status as an American Indian (a class) citizen of Pennsylvania and the Sioux Tribe in violation of 42 USC 1983; 42 USC 1985; The Sioux Treaty of Fort Laramie, 15 stat 635 (1868) and the Fifth and Fourteenth Amendment Due Process and Equal Protection Clauses. Defendant's acted as "bad men" in violation of the Sioux Treaty and acted under color of state law to deprive and deny Plaintiff his Constitutional Rights and the Laws. Plaintiff was treated differently from Whites (a separate class) and this discrimination was purposeful rather than incidental.
8. As an approximate result of Defendant's actions Plaintiff was damaged and Defendant's are liable to Plaintiff in the amount of $500,000 per Defendant' for each cause of action totaling an amount exceeding $3,000,000.00 (Three Million Dollars each). Plaintiff demands a Jury Trial.

WHEREFORE judgment should be entered for Plaintiff and against Defendant's in the amount of $3,000,000.00 plus costs, interest and fees. A Jury Trial should be ordered. Respectfully submitted,

\_\_\_\_/s/ H Brown_____
Hamilton Brown
Honorable Robert Lutti, J.
City County Building
Pittsburgh, PA 15219

PLAINTIFF